MICHAEL GENE MAYVILLE,

          Plaintiff,

          v.                         Case No. 20-C-310

KYLE DEMERS, et al.,

          Defendants.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

Plaintiff Michael Gene Mayville, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a civil action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Wisconsin. On July 23, 2019, the court screened the complaint and allowed Plaintiff to proceed on Eighth Amendment claims against defendants Hinz, Nickle, Metayer, and Demers. This case was transferred to the Eastern District of Wisconsin on February 25, 2020, and subsequently reassigned to this court on February 26, 2020. This matter comes before the court on Defendant Emmanuel Metayer's motion to dismiss. For the following reasons, the motion will be granted and Metayer will be dismissed as a defendant.

A motion to dismiss tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see* Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all inferences in the light most favorable to the non-moving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997).

Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he must plead "more than labels and conclusions." *Id.* A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Plaintiff alleges in his complaint that, on December 12, 2018, Plaintiff was scheduled to see Nurse Practitioner Emmanuel Metayer. Plaintiff advised two officers that he had an ongoing PREA investigation on Metayer and did not want to see him. The officers advised that Plaintiff must face Metayer and refuse the appointment in person. As Plaintiff walked past room four, Metayer emerged from the room and called to Plaintiff, "Mr. Mayville this way." Plaintiff turned and stated clearly, "No, thank you, I'm refusing," and started to walk away. Plaintiff claims that, in a louder and intimidating voice, Metayer yelled, "No, Mr. Mayville, this way!" and started walking toward Plaintiff. Continuing to distance himself from Metayer, Plaintiff stated in a firm and clear voice, "I said, no, thank you!" and walked away.

Defendant Metayer asserts that Plaintiff's factual allegations do not establish that Metayer harassed Plaintiff or that Metayer violated Plaintiff's Eighth Amendment rights. The court agrees. The complaint contains no allegations that Metayer knew about the PREA investigation or that Metayer was involved with scheduling the appointment; instead, the complaint suggests that Metayer simply instructed Plaintiff which health room to enter for his appointment. But even assuming that Metayer's brief interaction with Plaintiff constituted verbal harassment, isolated

verbal abuse, harassment, and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted. *See DeWalt v. Carter*, 224 F.3d 604, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."). Although verbal harassment that causes psychological pain may amount to cruel and unusual punishment under the Eighth Amendment, *Beal*, 803 F.3d at 357–58, Plaintiff does not describe psychological pain or the type of harassment sufficient to constitute cruel and unusual punishment based on Metayer's conduct on December 12, 2018. For these reasons, Plaintiff has failed to state a claim against Metayer and Metayer's motion to dismiss will be granted.

**IT IS THEREFORE ORDERED** that Metayer's motion to dismiss (Dkt. No. 16) is **GRANTED**. Metayer is **DISMISSED** as a defendant in this case.

Dated at Green Bay, Wisconsin this 28th day of February, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court