UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL GENE MAYVILLE,

    Plaintiff,

    v.                                             Case No. 20-C-310

KYLE DEMERS,
RYAN HINTZ, and
JOHN NICKEL,

    Defendants.

## DECISION AND ORDER

Plaintiff Michael Gene Mayville brought this 42 U.S.C. § 1983 action against Defendants Kyle Demers, Ryan Hintz, and John Nickel, alleging that Defendants were deliberately indifferent to Plaintiff's serious medical needs under the Eighth Amendment. At the screening stage, Plaintiff was allowed to proceed on claims that Defendants violated his Eighth Amendment rights by forcing him to interact with a psychiatrist who sexually harassed him and then by failing to protect him from harming himself afterward. Currently before the court is Defendants' motion for judgment on the pleadings or alternatively for summary judgment. Construing Defendants' motion as a motion for summary judgment, the motion will be granted and the case will be dismissed.

### BACKGROUND

Because Plaintiff did not respond to Defendants' proposed findings of fact, they are deemed admitted for the purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). Plaintiff is an inmate at Waupun Correctional Institution under the custody of

the Wisconsin Department of Corrections. Dkt. No. 46, ¶ 1. On December 12, 2018, Sergeant Hintz and Officer Nickel escorted Plaintiff to a scheduled appointment with Plaintiff's psychologist, Dr. Emmanuel Metayer. *Id.*, ¶ 2. Plaintiff told Sergeant Hintz and Officer Nickel that he did not want to see Dr. Metayer because Plaintiff had filed a Prison Rape Elimination Act (PREA) complaint against him. *Id.*, ¶ 3. Plaintiff did not tell Sergeant Hintz or Officer Nickel that Dr. Metayer had ever assaulted Plaintiff or threatened to do so, sexually or otherwise. *Id.*, ¶ 4. Dr. Metayer had never assaulted Plaintiff, or threatened to do so, sexually or otherwise. *Id.*, ¶ 5. Later that day, Plaintiff told Officer Demers he wanted to speak to a psychologist and that, although he was feeling suicidal, he did not have a plan to harm himself but thought he might do so. *Id.*, ¶ 6. Plaintiff later inflicted a 1.5 cm diameter wound on the inside of his left elbow and several superficial scratches on his left arm, which did not require medical attention beyond first aid. *Id.*, ¶ 7; Decl. of Yana Pusich, Ex. 1000 at 3.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary

judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

For Eighth Amendment claims of deliberate indifference, there are "two high hurdles, which every inmate-plaintiff must clear." *Dunigan ex rel. Nyman v. Winnebago Cty.*, 165 F.3d 587, 590 (7th Cir. 1999). First, Plaintiff must show that his condition was serious; this is an objective standard that asks whether "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* at 590–91. Next, Plaintiff must satisfy a second hurdle by showing that the state officials in question acted with deliberate indifference. This is a subjective standard that asks whether the officials "[knew of and disregarded] an excessive risk to inmate health or safety." *Id.* at 591. In analyzing this prong, the state officials must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id.* Indeed, a state official must have actual knowledge of the risk of harm to be held liable. *See Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

### A. Sergeant Hintz and Officer Nickel

Plaintiff's first claim is that Sergeant Hintz and Officer Nickel forced Plaintiff to go to Dr. Metayer's office to refuse his appointment. Plaintiff offers no evidence, nor is it reasonable to infer, that Sergeant Hintz and Officer Nickel had actual knowledge of an excessive risk to Plaintiff's health or safety. *See id.* According to Defendants' Proposed Findings of Fact, which have been deemed admitted, all Plaintiff had told Sergeant Hintz and Officer Nickel was that he

3

did not want to see Dr. Metayer because Plaintiff had a PREA complaint pending against Dr. Metayer. Dkt. No. 46, at ¶ 3. Plaintiff did not disclose the underlying facts of the complaint to Sergeant Hintz or Officer Nickel, nor did Plaintiff express that Dr. Metayer had assaulted Plaintiff or had ever threatened to do so. In fact, Dr. Metayer had never assaulted Plaintiff or threatened to do so, sexually or otherwise. *Id.* at ¶ 5. Having failed to present evidence of a serious risk to his safety, let alone deliberate indifference to such risk, Plaintiff has failed "to make a showing to establish the existence of an element essential" to his claim. *Austin*, 885 F.3d at 1087–88. Therefore, summary judgment will be granted in favor of Sergeant Hintz and Officer Nickel on this claim.

## B. Officer Demers

Plaintiff's second claim arises out of the allegation that Officer Demers was deliberately indifferent to Plaintiff's objectively serious medical needs when Plaintiff informed Officer Demers that he was feeling suicidal. According to Defendants' Proposed Findings of Fact, Plaintiff told Officer Demers he wanted to speak to a psychologist because he was feeling suicidal. Dkt. No. 46, ¶ 6. However, Plaintiff also stated that he did not have a plan to harm himself at the time, but that he might eventually do so. *Id.* Ultimately, Plaintiff gave himself a small puncture wound and superficial scratches that did not require medical attention beyond first aid. *Id.*, ¶ 7; Pusich Decl., Ex. 1000 at 3.

As noted above, a claim of deliberate indifference begins with an objectively serious medical condition. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). In this case, Plaintiff did not engage in self-harm that caused serious injury, much less a serious risk of suicide. Instead, Plaintiff inflicted a small puncture wound and superficial scratches on himself that required no more than basic first aid, i.e., cleansing and a band-aid. This type of injury does not constitute an

4

objectively serious medical condition. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (noting that "trivial—indeed, almost nonexistent" "injuries consist[ing] only of minor scratches, quickly and easily treated with a gauze bandage" do not constitute a serious medical need); *Davis v. Jones*, 936 F.2d 971, 972–73 (7th Cir. 1991) (noting that a one-inch cut to plaintiff's temple was not sufficiently serious under the Eighth Amendment); *Williams v. Stauche*, 709 F. App'x 830, 834 (7th Cir. 2017) (finding that jail staff did not deprive a pretrial detainee of medical treatment for his single superficial cut after an alleged assault).

But even if Plaintiff had demonstrated an objectively serious medical need, he has failed to present any evidence tending to show that Officer Demers subjectively knew that Plaintiff was at a substantial risk of committing suicide. *Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019). The undisputed facts are that Plaintiff told Officer Demers that he wanted to speak to a psychologist and was feeling suicidal, although he had no plan to harm himself. "[A] reasonable jury could not find that [a state official] knew of a substantial risk of suicide based only on [a plaintiff's] statements that he felt suicidal and wanted to speak to a crisis counselor." *Johnson v. Garant*, 786 F. App'x 609, 610 (7th Cir. 2019). To hold otherwise would place correctional officers at the beck and call of inmates at all times of day no matter what their level of staffing and other duties.

Plaintiff's statements to Officer Demers merely indicated that he was feeling suicidal and wanted to talk to a psychologist. Dkt. No. 46, ¶ 6. Moreover, Plaintiff specifically indicated to Officer Demers that he did not have a plan to harm himself at the time, nor is there any evidence suggesting he had any way to do so. Plaintiff's statement suggests that the risk of harm he posed to himself was not "sure or very likely to occur," and certainly was not "imminent." *Baze v. Rees*, 553 U.S. 35, 49–50 (2008). Thus, Plaintiff has again failed "to make a showing to establish the

5

existence of an element essential" to his claim.  *Austin*, 885 F.3d at 1087–88.  Indeed, Plaintiff has failed to present evidence from which a reasonable jury could find either element of his claim has been met.  There is evidence of neither a substantial risk of serious injury, nor of Officer Demers' knowledge of such a risk.  Summary judgment will be therefore be granted on this claim, as well.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. No. 44) is **GRANTED**.  Plaintiff has failed to make a showing from which a reasonable jury could find that the essential elements of his claims exist.  The case is therefore dismissed.  The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 19th day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
